FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

DEC 30 2019 1:07pm

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## for the
## Middle District of Tennessee Division

| | |
|---|---|
| AMY MARLENE FITZGERALD,<br>Plaintiff, | )<br>)<br>) |
| VS | )<br>) CASE NO. 03-19-1169 |
| PRIME HEALTH SERVICES INC.,<br>Defendant, | )<br>)<br>) Jury Trial<br>) |

## COMPLAINT

Plaintiff states:

### NATURE OF ACTION

1. Plaintiff was terminated by the Defendant because she was a whistle blower against improper and unlawful acts of the Defendant and /or she was suffering a disability while on the job which the Defendant refused to reasonably accommodate.

2. In response to Plaintiff's charges that Defendant unlawfully terminated her, the United States Equal Employment Opportunity Commission ("EEOC") issued a Determination that she had the Right to Sue.

3. As a result of the EEOC's determinations, Defendant may have changed its policy, restructured its department, provided salary increases to staff members, yet failed to reinstate Plaintiff or otherwise make her whole for its discriminatory and unlawful conduct.

4. Plaintiff brings this action against Defendant for violations of Title I of the Americans with Disabilities Act, _42 U.S.C. § 12101 et seq._ ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") and for violations of Title VII of the Civil Rights Act of 1964, _42 U.S.C. § 2000 et seq._

5. Plaintiff seeks compensatory and punitive damages, attorney's fees and other appropriate relief.

### JURISDICTION AND VENUE

6. The Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the unlawful discriminatory acts, and obtained a Notice of Right to

Sue less than 90 days from the filing of this Complaint. A copy of same is attached hereto and made a part hereof.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 11217, because this action arose, in substantial part, in this District, where the unlawful employment practices alleged in this Complaint occurred and where Defendant maintains an office and regularly does business.

## PARTIES

9. Plaintiff is an individual who currently resides in the District. At all times relevant to this suit, Plaintiff was an individual with a "disability" within the meaning of the ADA, and until her **termination,** was an "employee," as defined by 42 U.S.C. § 12111(4).

10. Defendant is a corporation organized and operating under the laws of the State of Tennessee that maintains its principal office at Prime Health Services Inc. located at 331 Mallory Station Road in Franklin Tennessee 37067.

11. Defendant is an "employer" as defined by Title I of the ADA, 42 U.S.C. § 12111(5).

## FACTUAL ALLEGATIONS

12. Plaintiff was hired by Defendant in September 2015 and promoted and began working in January 2018 as a supervisory employee, as Director of Repricing and Reconsiderations.

13. Plaintiff's job duties as Director of Repricing and Reconsiderations were to manage a team of front line provider/client facing employees, update workers comp state fee schedules, implementation of NCCI correct coding standards, Global Scrubbing Edits, oversee the Disputes and Bill Review process, effectively prioritize, lead, and handle complex cross functional billing issues, collaborate weekly with our I.T. staff to discuss any technical system improvement, etc.

14. During Plaintiff's employment, the Plaintiff received good performance reviews and raises in salary to coincide with those performance reviews. Plaintiff was the subject of numerous emails praising the Plaintiff's commitment, resourcefulness and compassion as an employee and supervisor.

15. Plaintiff also received emails directly from the CEO on more than one occasion after she had been promoted to Director position stating that he was aware of the challenges within the department; one such email advised the Plaintiff she had been put into her position to work on certain issues and he recognized she was understaffed and undercompensated.

16. In May 2018, Plaintiff had a fall in the restroom at Prime Health Services due to a broken toilet seat that caused the Plaintiff to be thrown off the toilet into the floor onto her left side. The Plaintiff was sore on her left arm and left hip from the fall, however she did not make a written report, but several co-workers including her manager was made aware of this incident. The Plaintiff made a sign and shut the restroom down to prevent any other employees from using it and then had the broken toilet seat

reported to the owner of the building (7112 Crossroads Blvd Brentwood, TN) so that it could be repaired.

17. In or about June 2018, Plaintiff was still having problems with her left arm and shoulder. Because of these problems, Plaintiff made an appointment with a Doctor because her regular daily activities became difficult. Typing, sitting and standing for extended periods of time caused extreme pain in those areas and extended areas such as the hands, neck, back and head throughout the day. As Plaintiff's condition worsened the decision was made to have a surgery performed.

18. On September 10, 2018, Plaintiff's Doctor wrote an order for the employer to accommodate the Plaintiff with a desk that would allow her to alternate between sitting and standing and an Ergonomic Chair.

19. During her treatment certain accommodations were made i.e., a standing desk was purchased, however, when the company relocated to their new location in January of 2019 this accommodation was taken away despite the expressed concerns of the Plaintiff. A proper chair was ordered by the Doctor at the same time as the desk but was never provided. The removal of one of the accommodations and the failure to provide the other accommodation in a timely and reasonable manner are failures to provide reasonable accommodations.

20. Plaintiff was advised that the chair was not approved at the time of the Doctor's order due to the company move to a new building. Excuses were made but the ordered chair was never provided.

21. On January 22nd, 2019, the Plaintiff received a message from an employee at Prime Health Services asking her where her standing desk was and what they was going to do with it. The Plaintiff replied that it was in her office and that they were going to keep it, that they was working on ordering her a chair.

22. The Plaintiff while continuing to work with her doctors was terminated on March 29th, 2019. The Plaintiff had continued to work at all times pertaining hereto despite her injury and the pain.

23. On the 23rd of April, 2019, the first operation was performed on her shoulder, collar bone and bicep tendon.

24. The Plaintiff incurred substantial medical expenses with said surgery and began an extensive rehabilitation program.

25. The Plaintiff followed all doctor recommendations but in spite of her efforts she was required to undergo a second surgery on the 12th day of December 2019 and continued her extensive rehabilitation program.

26. In March 2019, a conflict arose inside the department of the Plaintiff. The Plaintiff attempted to discipline employees for certain performance and attendance issues. Some of the Plaintiff's direct-reports became very defiant, began going above the Plaintiff's head straight to her supervisor, Christina Hancock, causing the work environment to become very hostile for not only the Plaintiff but for the entire department.

27. Christina Hancock began having unannounced meetings with the department. When confronted Mrs. Hancock advised the department was being restructured and the Plaintiff was going to be placed in

a new position and lead the Plaintiff to believe that this came with an increase in pay, which had been promised prior.

28. On March 19th, 2019 Plaintiff was given a Written Warning for "Misconduct". The Warning alleged misconduct consisting of complaint from the employees under her with whom Mrs. Hancock had met with in private.

29. The supervisor Christina Hancock began protecting these employees. Comments were made by a few of these employees that they would continue to harass whomever they had to until the Plaintiff got fired, which they continued to do and this proof as well as prior documentation of this misconduct and plan was taken to HR after the Written Warning received by the Plaintiff on March 19th when she felt that she could no longer trust her supervisor either.

30. Part of the Plaintiff duties was to monitor activities of the employees under her. While preforming these duties the Plaintiff discovered certain inappropriate messages between certain employees. These messages contain racial and inappropriate language. The date of this discovery was March 20 2019. The Plaintiff reported the behavior to HR. She also found messages of these individuals plan to continue their harassment until they were able to have the Plaintiff fired. Plaintiff also found improper message from another supervisor. The Plaintiff attempted to go through proper channels but was told they would get back with the plaintiff about these problems and also advise her of her new position and salary. The next communication was the Plaintiff being fired.

31. Without warning on March 29th, 2019 the Plaintiff was asked to come into the conference room where the Director of HR and her Supervisor Christina Hancock was present and she was terminated.

32. The Defendant then refused to allow the Plaintiff to retrieve her own personal belongings from her office, they stated that they would mail them at a later date. The Plaintiff stated that she would like her personal belonging including her purse to leave with her that day. Her supervisor, Christina Hancock then was allowed to go pack some of her personal belongings into boxes and bring them to the front lobby of the building.

33. After the Plaintiff carried a few boxes out, the Defendant's HR Director stopped the Plaintiff and demanded her to give her her personal cellphone so that she could take it to the IT Department to have synced access deactivated. The Plaintiff advised her that they would not need her phone for that, that it would automatically happen once they deactivated her in the system and she still kept demanding her phone and tried to take it from her hands and the Plaintiff told her she was not getting her personal phone and that she was not entitled to it and to not touch her.

34. The Defendant's actions were in retaliation for her stances against the improper and lack of actions of the Defendant.

## EEOC DETERMINATION

35. The Plaintiff filed a charge of discrimination with the EEOC, alleging claims of disability discrimination on behalf of Plaintiff and a class of other similarly situated disabled current and former employees of Defendant who had been terminated or faced termination as a result of Defendant's discriminatory policy and practices.

36. On September 30th, 2019, the EEOC issued a Determination on the Plaintiff's charge, a copy of which is attached here as Exhibit "1". The EEOC found that: that it was unable to make a determination and issued A Right to Sue Letter.

### CLAIM FOR RELIEF ADA

37. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if set forth here.

38. Defendant discriminated against Plaintiff in the terms and condition of her employment on the basis of her disability, in violation of the ADA, by:

a. Implementing and enforcing a discriminatory termination policy;

b. Failing to offer Plaintiff a reasonable accommodation for her known disabilities, and

c. Terminating Plaintiff's employment because of her disability.

39. Defendant's conduct was with malice or reckless indifference for Plaintiff's federally protected ADA rights.

40. As a result of Defendant's actions, Plaintiff is entitled to recover compensatory and punitive damages from Defendant, as well as attorney's fees and costs.

### CLAIM FOR RELIEF WHISTLEBLOWER AND HOSTILE WORK ENVIROMENT

41. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and effect as if set forth here.

42. Defendant discriminated against the Plaintiff after her stance against the illegal and discriminatory policies of the Defendant and the Defendant action culminated in the firing of the Plaintiff.

43. The Defendant created and or allowed a Hostile Work Environment to exist. Title VII of the Civil Rights Act of 1964. All facts pertaining hereto were brought to the attention of the Plaintiff superiors. The action s of the Defendant by allowing the illegal and improper conduct of its employees created an unlawful work environment. The Defendant knew or should have known of the conduct of its employees.

### PRAYER FOR RELIEF

Plaintiff requests that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of the ADA;

B. Awarding monetary damages to Plaintiff so as to make her whole for all earnings and benefits Plaintiff would have received but for Defendant's unlawful conduct, including but not limited to wages, lost benefits, and interest;

C. Awarding compensatory damages, including damages for Plaintiff's mental anguish, pain, and suffering;

D. Awarding Plaintiff the costs of this action together with reasonable attorney's fees;

E. Awarding Plaintiff punitive damages; and

F. Granting all other and further relief this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

### Certification and Closing

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increased the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.*

Dated: 12/30/19

*/s/ William C. Barnes Jr.*

**WILLIAM C. BARNES JR. #011399**
Counsel for Plaintiff
39 Public Square
Columbia, TN 38401
(931) 398-8581

| EEOC Form 161 (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Amy Fitzgerald<br>5018 Camelot Drive<br>Columbia, TN 38401 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2019-01376 | Melissa C. Brown, Investigator | (615) 736-5859 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Sylvia D. Hall-Henderson_ for
Deborah K. Walker,
Area Office Director

SEP 30 2019
(Date Mailed)

Enclosures(s)

cc:
Brittany Snively
HR Director
PRIME HEALTH SERVICES
331 Mallory Station Road
Franklin, TN 37067

William C. Barnes, Jr.
LAW OFFICE OF WILLIAM C BARNES JR
39 Public Square
Columbia, TN 38401

Case 3:19-cv-01169   Document 1   Filed 12/30/19   Page 7 of 7 PageID #: 7